U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 16, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/20

**BY EMAIL**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   *United States v. Reinaldo Roman*, 19 Cr. 116 (KMW)

Dear Judge Wood:

The Government respectfully writes in response to the violation memorandum concerning the defendant Reinaldo Roman, which states that the defendant violated his bail conditions by using an opioid substance. The Court filed a response stating that the matter did not require action by the Court. (Dkt. 233). The Government, however, writes to request, pursuant to 18 U.S.C. § 3148(b), that the Court revoke the defendant's bail and remand the defendant to the custody of the Bureau of Prisons ("BOP"). The defendant's detention is mandatory in light of his guilty plea; the only reason he was released on bail post-plea was to protect him from the risks posed by COVID-19. The Government respectfully submits that the defendant's drug use is inconsistent with the goal of protecting his health and shows that the Court cannot trust the defendant to follow the Court's directives while released.

**A. Background**

The defendant was an integral part of a drug trafficking organization that sold fentanyl-laced heroin out of auto body shops in the Bronx. This defendant, in particular, sold fentanyl-laced heroin to an undercover police officer four times—on March 28, April 10, April 23, and June 6, 2018. In total, the defendant sold close to 2,000 glassines of heroin mixed with fentanyl, for a total of nearly $10,000. Law enforcement obtained a Title III wire on the defendant's phone, and intercepted numerous calls where the defendant was clearly arranging other narcotics transactions. In particular, calls were intercepted and surveillance was conducted that showed the defendant obtaining a resupply of narcotics from his co-defendant, Adalberto Velazquez. On the date of his arrest, on February 27, 2019, law enforcement seized approximately 35 grams of heroin mixed with fentanyl from inside the defendant's home.

On April 5, 2019, a bail hearing was held, and Magistrate Judge Robert W. Lehrburger found by clear and convincing evidence that the defendant posed a danger to the community. Accordingly, Judge Lehrburger ordered the defendant to be detained.

September 16, 2020
Page 2

On July 11, 2019, another bail hearing was held, and District Judge Ronnie Abrams found, again, that the defendant posed a danger to the community, and ordered that the defendant to remain detained.

On October 21, 2019, the defendant pleaded guilty to conspiring to distribute heroin and fentanyl. The guidelines range reflected in the defendant's presentence report is 70 to 87 months' imprisonment. The defendant has a substantial criminal history—specifically, before this case, the defendant had eleven prior convictions, five of which were for felonies. The conviction in this case is, therefore, the defendant's sixth felony conviction.

The offense to which the defendant pleaded guilty requires mandatory detention pending sentencing, barring exceptional circumstances. *See* 18 U.S.C. § 3143(a)(2) (a Court "shall order that a person who has been found guilty" of such an offense be detained, except in certain limited circumstances); 18 U.S.C. § 3145(c) (stating that a defendant may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate").

In March 2020, the defendant sought bail in light of the health risks posed by COVID-19. The Government opposed this request, because, among other reasons, the defendant did not suffer from health conditions that placed him at a greater risk from COVID-19. This Court referred the bail request to Magistrate Judge Cave. On March 27, 2020, Judge Cave granted the defendant's application. On March 30, 2020, the defendant was released on bail.

### B. Discussion

As Magistrate Judge Lehrburger and District Judge Abrams previously found, the defendant poses a significant danger to the community. He pleaded guilty to distributing large quantities of heroin mixed with fentanyl, which, as the Court knows, are the very types of drugs responsible for many of the overdose deaths and near-deaths in New York City. Once the defendant pleaded guilty, his detention was mandatory.

Judge Cave released the defendant on bail under strict conditions solely due to the health risks posed by COVID-19. The defendant has now violated his bail conditions by using drugs that he obtained from another person while outside of his home, thereby violating the condition that he remain under 24-hour home incarceration. Even more significant, the defendant engaged in conduct – an in-person drug purchase – that poses a real risk that the defendant could contract COVID-19, despite being released from otherwise mandatory detention in order to protect him from COVID-19. Although the defendant claims to pretrial services that this was the only time he violated his conditions, that cannot be corroborated, since pretrial services appears not to have tested him for drugs since his release in March 2020. The defense stated in its sentencing submission that the defendant has "battled with opioid addiction for most of his life," (Dkt. 144 at 24), and that his other drug and theft related crimes have been "driven by his substantial history of substance abuse" (*id.* at 32). The defendant is now using serious drugs again and, without any source of legitimate income, there is a substantial risk that the defendant will once again commit other crimes to fuel his drug habit.

September 16, 2020
Page 3

The Government respectfully submits that the defendant's violation of the Court's trust should result in his immediate remand. Remand is particularly appropriate here, because the defendant does not appear to suffer from any health conditions that actually place him at greater health risk from COVID-19, and because the MCC, where the defendant was previously housed, has zero inmates and only five staff members who are currently positive for COVID-19. *See* https://www.bop.gov/coronavirus/index.jsp (last accessed Sept. 15, 2020).

### Conclusion

Under the circumstances—where the law explicitly requires the defendant be remanded, *and* where the defendant has breached the Court's trust while on release—the Government respectfully submits that the Court should schedule a bail revocation hearing and remand to the defendant to custody of the BOP to await sentencing.

*A bail hearing will be held on Thursday, October 8, 2020, at 10:30 a.m. by Skype. The Court will issue an Order with call-in information. Any submission by the defendant is due by September 30.*

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____/s/_____
Michael K. Krouse / Adam Hobson
Assistant United States Attorneys
(212) 637-2279 / 2484

cc: Defense Counsel (by ECF)

SO ORDERED: N.Y., N.Y. 9/22/20

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.