UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

REINALDO ROMAN,

       Defendant.
---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/20/2022__

19-CR-116 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

  Defendant Reinaldo Roman has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 345; Def.'s Am. Mot., ECF No. 359.) The Government opposes Roman's motion. (Gov't Opp'n, ECF No. 347.) For the reasons set forth below, Roman's motion is DENIED.

## BACKGROUND

  From approximately 2015 to 2019, Roman was a dealer for a drug trafficking organization that distributed large quantities of fentanyl-laced heroin. (Presentence Investigation Report ("PSR") ¶¶ 2, 14, ECF No. 125.) Roman was charged with conspiracy to distribute one kilogram or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Indictment ¶¶ 6-7, ECF No. 1.) Roman ultimately pleaded guilty to the lesser-included offense of conspiracy to distribute quantities of heroin and fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (PSR ¶¶ 4-5.) The plea agreement provided for a Sentencing Guidelines range of 70 to 87 months' imprisonment. (*Id.*) On December 3, 2020, the Court sentenced Roman to 60 months' imprisonment, finding that a below-Guidelines

sentence was warranted because Roman suffered from serious medical problems including a brain aneurism. (Sent'g Tr. 16:9-17:4, ECF No. 281.)

On October 17, 2021, Roman filed the present motion for compassionate release. (Def.'s Mot.) Roman seeks a reduction of his sentence to time served due to the COVID-19 pandemic. (Def.'s Mot. at 1; Def.'s Am. Mot. at 1.) Roman argues that this Court should grant his early release because the facility where he is incarcerated, U.S. Penitentiary Lewisburg, is "overrun with COVID-19 infections" and he suffers from underlying medical issues, including hypertension and a history of brain aneurisms, which place him at a heighted risk for COVID-19. (*Id.*) On November 19, 2021, the Government filed a response in opposition to Roman's motion. (Gov't Opp'n.)

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* With the passage of the First Step Act, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release and are not limited to those circumstances specified in the Sentencing Guidelines. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Third, the Section 3553(a) sentencing factors must support early release. 18 U.S.C. § 3582(c)(1)(A). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to

2

promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

**I.      Roman's Motion is Properly Before the Court.**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Here, Roman submitted a request for compassionate release to the Warden of U.S. Penitentiary Lewisburg on September 15, 2021. (*See* Def.'s Mot.) On September 21, 2021, the Warden denied Roman's request. (*Id.*) Roman did not appeal the Warden's decision, but Roman waited more than 30 days after he submitted his original request on September 15, 2021 to file his motion for compassionate release on October 17, 2021. Accordingly, Roman's motion is properly before the Court. *See United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (Rakoff, J.) ("[Section 3582(c)(1)(A)] does not necessarily require the moving defendant to fully litigate his claim before [the BOP] before bringing his petition to court. Rather, it requires the defendant <u>either</u> to exhaust administrative remedies <u>or</u> simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court.")[1]

**II.     Roman Has Not Demonstrated "Extraordinary and Compelling" Reasons for**

---

[1] District courts in this circuit "split on how to interpret [§ 3582(c)(1)(A)'s] provision permitting an inmate to move for a sentence reduction 'after . . . the lapse of 30 days from the receipt' by the warden of an inmate's request." *United States v. Saladino*, 7 F.4th 120, 123-24 (2d Cir. 2021). Although some courts have concluded that this 30-day waiting period is applicable only when the BOP does not respond to the defendant's request, others have concluded that this waiting period authorizes the defendant to file a motion regardless of whether the warden responds to the defendant's request for compassionate release. *Id.* This Court has adopted the latter approach. *See United States v. El-Hanafi*, 460 F. Supp. 3d 502, 506 (S.D.N.Y. 2020) (Wood, J.).

3

**Compassionate Release.**

In his motion, Roman cites only one reason for compassionate release – the COVID-19 pandemic. Roman argues that this Court should reduce his sentence to time served because U.S. Penitentiary Lewisburg is "overrun with COVID-19 infections" and he is at a heightened risk for COVID-19 complications as he suffers from underlying medical issues, including hypertension and a history of brain aneurisms. (Def.'s Mot. at 1; Def.'s Am. Mot. at 1.) This argument lacks merit.

Since Roman filed his motion, the threat from COVID-19 has diminished nationwide and within the BOP. There are currently no confirmed cases of COVID-19 at U.S. Penitentiary Lewisburg, and the facility has implemented safety measures to reduce the risk of infection. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Dec. 18, 2022, 4:00 PM). Furthermore, the BOP now offers COVID-19 vaccines to all inmates, which offer some protection from contracting, spreading, or becoming seriously ill from COVID-19. *Id.* Although Roman has declined vaccination, the vaccine continues to be available to him should he change his mind. (*See* Gov't Opp'n at 3.) Thus, even with his pre-existing conditions, Roman cannot show that COVID-19 is an "extraordinary and compelling" reason for release. *See United States v. Robinson*, No. 17-CR-611, 2021 WL 1565663, *3 (S.D.N.Y. Apr. 21, 2021) (Torres, J.) (noting that "courts in this district . . . have nearly uniformly denied compassionate release sought for medical reasons" when defendants "refuse[] the COVID-19 vaccine.")

III. **The Section 3553(a) Factors Weigh Against Release.**

Even if Roman could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the applicable § 3553(a) factors weigh against early release. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment; (3)

4

the kinds of sentences available; (4) the Sentencing Guidelines range; (5) any policy statement by the Sentencing Commission; (6) the obligation to avoid disparate sentences among similarly situated defendants; and (7) the goal of providing restitution. 18 U.S.C. § 3553(a).

Here, Roman committed a very serious offense. He served as a mid-level distributor in a sophisticated drug trafficking organization which distributed large quantities of fentanyl-laced heroin. (PSR ¶¶ 14, 19.) Heroin and fentanyl are extremely addictive and dangerous narcotics, which lead to thousands of overdose deaths in the United States each year. *Drug Overdose Deaths Remain High*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/drugoverdose/deaths/index.html (last updated June 2, 2022). Releasing Roman now would show disregard for the severity of Roman's offense.

Furthermore, a 60-month sentence is necessary to adequately deter Roman from engaging in further criminal activity. Roman has a lengthy criminal history, including eleven prior convictions, two of which were felony convictions for the sale of narcotics. (PSR ¶¶ 54-64.) He also previously violated the Court's trust by using opioid substances while on out on bail. (Sent'g Tr. 15:14-25). The Sentencing Guidelines provide that a defendant with Roman's criminal history and offense level should generally be sentenced to 70-87 months' imprisonment in such cases. (*Id.* 16:4-8.)

Last, although Roman does suffer from serious medical conditions, the Court already took those facts into account in imposing a below-guidelines sentence. (*Id.* 16:24-17:2.) There has been no change in Roman's health since his sentencing to justify an additional reduction to his sentence. Hence, the Court finds that the § 3553(a) considerations weigh heavily against compassionate release.

## CONCLUSION

For the foregoing reasons, Roman's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 345 and 359.

SO ORDERED.

Dated: New York, New York　　　　　　　　　　　　　　　　_/s/ Kimba M. Wood_
　　　　December 20, 2022　　　　　　　　　　　　　　　　　KIMBA M. WOOD
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge